**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATAN FLORES LINO,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-738** |
| **v.** | : | **(JUDGE MANNION)** |
| **JESSICA SAGE*, et al.,*** | : | |
| **Respondents** | : | |

## MEMORANDUM

Pending before the court is petitioner Jonatan Flores Lino's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). For the reasons stated herein, Flores Lino's petition will be **GRANTED** insofar as it requests a bond hearing.

## I.    BACKGROUND

Petitioner Jonatan Flores Lino is a citizen of Peru. (Doc. 7-2 at 1). On July 1, 2022, Flores Lino was encountered by Border Patrol while entering the United States in San Luis, Arizona. *Id.* at 2. He was then issued an I-94 as an alternative to detention. *Id.* He has since resided in New Jersey. *Id.*

On May 24, 2023, Flores Lino was issued a Notice to Appear charging him with removability under 8 U.S.C. §1182 as an alien present in the United States without being admitted. (Doc. 7-3).

On July 14, 2025, Flores Lino was arrested for simple assault and terroristic threats by the Paterson, New Jersey police. (Doc. 7-2 at 2). These charges are still pending. *Id.* The next day, Flores Lino was taken into immigration custody by Immigration and Customs Enforcement ("ICE"). *Id.* He has since been detained pursuant to 8 U.S.C. §1225(b)(2)(A), and he is currently located at FCI Lewisburg in Lewisburg, Pennsylvania.

On March 23, 2026, Flores Lino filed the present petition for a writ of habeas corpus. (Doc. 1). On March 25, 2026, the court dismissed claims 1, 5, and 7 through 14 for lack of jurisdiction, and ordered Respondents to show cause as to why the petition should not be granted with respect to the remaining claims. (Docs. 4, 5). On April 14, 2026, Respondents filed their response. (Doc. 7). On April 28, 2026, Flores Lino filed a reply to their response. (Doc. 8). The petition is now ripe for disposition.

## II.    LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a

discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

### III.    DISCUSSION

#### a. Jurisdiction

The court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states "[e]xcept as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §1252(g). Here, the court's jurisdiction is not barred by §1252(g) as Flores Lino's remaining claims neither challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions").

- 3 -

§1252(b)(9) states "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the court's jurisdiction is not barred by §1252(b)(9) as Flores Lino's remaining claims do not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as Flores Lino's remaining claims do not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held

- 4 -

that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

### b. Exhaustion of administrative remedies

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Flores Lino is detained under 8 U.S.C. §1225(b)(2)(A), which precludes immigration judges from holding a bond hearing. *See id.*; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (holding that an immigration judge "has no authority to consider bond requests for any person who entered the United States without admission").

### c. 8 U.S.C. §1226(a) applies to Flores Lino

Respondents argue that Flores Lino is subject to mandatory detention pursuant to 8 U.S.C. §1225(b)(2)(A), which does not allow for courts to hold a bond hearing.

However, courts nationwide, including this court, have been dealing with the very issue presented in this case. Namely, whether a noncitizen

habeas petitioner who has been residing in the United States for some time is subject to the mandatory detention provision of §1225(b)(2)(A). As noted by the Honorable Robert D. Mariani:

> The overwhelming majority of federal district courts that have addressed this issue have interpreted the INA to find that persons similarly situated to Petitioner—noncitizens who previously entered the United States and are currently residing in the United States—are not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) but instead are subject to the discretionary detention pursuant to 8 U.S.C. §1226(a) and accordingly are entitled to a bond hearing.

*Patel*, 2025 WL 3516865 at *4 (citing *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243, at *1 ("Although there is no apposite appellate authority, there are 288 district court decisions addressing this issue. In all but six, the Government's interpretation of the INA—the same interpretation it urges here—was rejected")). The undersigned has consistently joined in this consensus interpretation and will continue to do so. Indeed, the Government notes that it "recognizes that this Court and other jurists of this District have recently rejected Respondent's arguments on the issues presented . . . regarding 8 U.S.C. § 1225(b) detention of petitioners such as Lino." (Doc. 7 at 2).

- 6 -

For §1225(b)(2)(A) to apply: "(1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'" *Bethancourt v. Soto*, 2025 WL 2976572, at *5 (D.N.J. Oct. 22, 2025) (citing 8 U.S.C. §1225(b)(2)(A)).

The consensus view of the courts is that "seeking admission" requires "active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry." *Gonzalez Centeno v. Lowe*, 2026 WL 94642, at *3 (M.D.Pa. Jan. 13, 2026) (quoting *Quispe v. Rose*, 2025 WL 3537279, at *5 (M.D.Pa. Dec. 10, 2025)). An individual affirmatively "seeking admission" should not be confused as being the same as an "applicant for admission." *See* Patel, 2025 WL 3516865 at *5 (finding that such an interpretation of "seeking admission" violates the rule against surplusage). Therefore, because "seeking admission" applies to individuals in an affirmative act, §1225(b)(2)(A) does not apply to "noncitizens . . . who have resided in the United States for years." *Id.*

As for §1226(a), it allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) "may release

- 7 -

the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). Where an alien is detained under §1226(a), are still entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing, but not entitled to a second bond hearing after their first has been denied).

Here, Flores Lino has been living in the United States since July of 2022. (Doc. 7-2 at 2). He was not taken into immigration custody until July 15, 2025. *Id.* Therefore, he is not "seeking admission" as defined by §1225(b)(2)(A). Accordingly, 8 U.S.C. §1226(a) applies. Furthermore, because of his improper detention under §1225(b)(2), he has not yet been provided with a bond hearing. Thus, he is entitled to one.

### d. Flores Lino's detention under 8 U.S.C. §1225(b)(2)(A) does not violate due process

The Fifth Amendment protects against deprivation "of life, liberty, or property without due process of law. U.S. Const. amend. V. This protection

"applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

To determine whether a habeas petitioner's detention under §1225(b)(2)(A) violates due process, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Application of the factors reveals no violation of due process. First, the "most elemental of liberty interest[s]—the interest in being free from physical detention"—is implicated. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Second, Flores Lino's erroneous detention under §1225(b)(2)(A) comes with a lack of procedural safeguards, including the opportunity for a bond hearing, which makes it extraordinarily difficult to challenge his detention. *Cunin v. McShane*, 2025 WL 3542999, at *2 (M.D.Pa. Dec. 10, 2025) ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for

his release and incarcerate him indefinitely"). However, third, the Government has an interest in detaining noncitizens "to ensure [their] appearance . . . at future immigration proceedings and to prevent danger to the community." *Quispe*, 2025 WL 3537279 at *7 (citing *Zadvydas*, 533 U.S. at 690). Flores Lino currently has charges pending against him for simple assault and terroristic threats. (Doc. 7-2 at 2). He also is allegedly a member of a transnational criminal organization involved in extortion and other criminal activity and has an international warrant from Peru for extortion. *Id.*

Thus, upon weighing of the *Mathews* factors, the court finds that Flores Lino's continued detention under §1225(b)(2)(A) does not violate his procedural due process rights. Therefore, while he is entitled to a bond hearing under §1226(a), where he can argue for his release, he is not entitled to release by this court at this time.

## IV.    CONCLUSION

For the foregoing reasons, Flores Lino's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED** insofar as it requests a bond hearing. The Government will be required to provide Flores Lino with a bond hearing under 8 U.S.C. §1226 within fourteen days.


s/ _Malachy E. Mannion_
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 30, 2026**
26-738-01